**JOHN L. BURRIS, Esq., SBN 69888**
**LATEEF H. GRAY, Esq., SBN 250055**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Lateef.Gray@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.H., a minor and an individual, by and through his Guardian Ad Litem, LAKAMI SMITH; A.G., a minor and an individual, by and through her Guardian Ad Litem, PARISH GRAYSON,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF RICHMOND, a municipal corporation; and DOES 1-50, inclusive.<br><br>  Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983)<br>(Cal. Civ. Code §52.1)<br>(Cal. Penal Code §242)<br>(Cal. Civ. Code § 3342)<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. This action arises out of a yet-to-be identified Richmond Police Officer, who unlawfully directed a police dog to attack two school children, Plaintiffs R.H. and A.G., on their way home from school. As a result of the yet-to-be-identified Richmond Police Officer's egregious act, the police dog viciously mauled minors, R.H. and A.G., who had neither committed, nor were they suspected of having committed, any crimes, causing the two minor teenagers to suffer serious injuries and scarring to their arms and bodies. Despite the fact that the minors were bloody and injured, the involved officers shamefully did not contact, or even attempt to contact, the minors' parents nor did they have the minors taken to hospital for medical treatment.

# JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in Richmond, Contra Costa County, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

# PARTIES

3. Plaintiff R.H., a minor and resident of CONTRA COSTA COUNTY, CALIFORNIA, sues in his individual capacity, by and through his Guardian Ad Litem, LAKAMI SMITH, a resident of CONTRA COSTA COUNTY, CALIFORNIA. Plaintiff R.H. is readily recognizable as an African American male.

4. Plaintiff A.G., a minor and resident of CONTRA COSTA COUNTY, CALIFORNIA, sues in her individual capacity, by and through her Guardian Ad Litem, PARISH GRAYSON, a resident of CONTRA COSTA COUNTY, CALIFORNIA. Plaintiff A.G. is readily recognizable as an African American female.

5. Defendant CITY OF RICHMOND ("Defendant City") is and at all times herein mentioned a municipal entity, duly organized and existing under the laws of the State of California, that manages and operates the RICHMOND POLICE DEPARTMENT.

6. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask for leave to amend this complaint subject to further discovery.

7. In doing the acts and/or omissions alleged herein, Defendants, and each of them acted within the course and scope of their employment for the Richmond Police Department.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

10. Plaintiffs filed timely government claims and by operation of law the claims were rejected on or before February 26, 2018.

## STATEMENT OF FACTS

11. The incident took place on the morning of November 1, 2017, at approximately 10:00 a.m. at or near 25th Street and Maine Avenue in Richmond, CA.

12. Plaintiffs A.G. and R.H., who are teenage minors, were walking from school and turned onto a footpath commonly used by schoolchildren. They were sitting on a bench along the footpath, chatting, when they heard a police car come to a screeching stop on the street. A yet-to-

be-identified officer exited the car and looked down in their direction, but made no commands, verbally or physically. Having committed no crimes, the children continued to chat, then decided to get up and finish walking home.

13. A few moments later, A.G. and R.H. turned back around to see a yet-to-be identified Richmond Police Officer and police dog sprinting at them. Without any warning, commands and/or legal justification, a yet-to-be identified Richmond police officer released his K-9 unit on the two school children. The dog sprinted and bit into A.G.'s groin, butt and then arm, causing her to bleed and bruise. In response, A.G.'s boyfriend, R.H., a minor, pulled his girlfriend away and turned to bravely shield her body with his own. The police dog released the girl and began to maul R.H., causing him severe physical injuries, pain and scarring to both arms.

14. The police dog's jaws tore open one of R.H.'s arms, then the dog latched its teeth onto R.H's other arm. Finally, after a tremendous amount of pain and physical damage to both A.G. and R.H., the yet-to-be-identified Richmond police officer instructed R.H. to remain still, while the officer ripped his police dog's teeth from R.H.'s arm as the dog refused to let go.

15. Nearby, other Richmond Police Officers appeared to be chasing a suspect and tackled him nearby Plaintiffs. The Richmond Police Officers explained that they were searching for a car theft suspect that did not match either A.G.'s or R.H.'s description, whatsoever. Rather, it appeared that the yet-to-be identified Richmond Police Officer intended to set his dog on the car thief suspect. However, Richmond Police Officers are trained that their police dog will attack the first person it encounters and cannot be directed once released. As a result, the police dog mauled the school children rather than the suspect.

16. Furthermore, contravening all reason and common sense, the yet-to-be-identified Richmond Police Officers shamefully failed to have the minors taken to the hospital for medical treatment, and they did not even contact the minor Plaintiffs' parents to alert them that their

children had been mauled by a police dog. Rather, the yet-to-be identified Richmond Police Officers simply allowed the minor Plaintiffs to walk away from the scene bloodied and battered without medical treatment. It was not until a couple days later that a yet-to-be identified Richmond Police supervisor contacted Plaintiff R.H.'s mother, guardian ad litem Lakami Smith, to inform her that Plaintiff R.H. had been attacked by a police dog, but that he had not been involved and/or suspected of any crimes. The supervisor told her that her son had nothing to do with why the police dog had been released and they were intending to seize a different person.

17. As a result of the incident, A.G., a seventeen-year old minor, and R.H., a sixteen-year old minor, were mauled by a police dog while innocently chatting and walking home from school with their book bags. The yet-to-be identified Defendant Officer provided no warning, communication or made any efforts to protect Plaintiffs from the deadly force used by his police dog, which resulted in Plaintiffs suffering serious physical damages and emotional distress.

## DAMAGES

18. As a proximate result of Defendants' conduct, Plaintiffs suffered wrongful detention and arrest.  As a further proximate result of Defendants' conduct, Plaintiffs suffered physical injury, emotional distress, fear, terror, anxiety, humiliation, and a loss of sense of security, dignity, and pride.

19. The conduct of the yet-to-be identified Defendant Officers was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Detention and Arrest under 42 U.S.C. Section 1983)**

*(Against Defendants DOES 1-25)*

20. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 of this Complaint.

21. At the time Defendant Officers seized Plaintiffs, Defendant Officers did not have reasonable suspicion to justify the detention, nor did they have probable cause to make an arrest. Defendant Officers simply set a police dog on Plaintiffs from behind, without any warning and allowed the dog to viciously maul Plaintiffs, which violated Plaintiffs' right to be secure in their person against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment to the United States Constitution.

22. As a result of their misconduct, Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against Defendants DOES 1-25)*

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 of this Complaint.

24. At the time Defendant Officers seized Plaintiffs, Defendant Officers did not have reasonable suspicion to justify the detention, nor did they have probable cause to make an arrest. Defendant Deputies simply set a police dog on Plaintiffs from behind, without any warning and allowed the dog to viciously maul Plaintiffs, which violated Plaintiffs' right to be free unreasonable and excessive force as guaranteed to Plaintiffs under the Fourth Amendment to the United States Constitution.

25. As a result of their misconduct, Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(*Monell*–42 U.S.C. Section 1983)**
*(Against Defendants CITY OF RICHMOND and DOES 26-50)*

26. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. Plaintiffs are informed and believe and thereon allege that high ranking CITY OF RICHMOND POLICE DEPARTMENT officials, including high-ranking supervisors and DOES 26-50, and/or each of them, knew and/or reasonably should have known about systemic, acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Plaintiffs believe that these Defendant officers have a custom, practice and/or policy of using excessive force, making unlawful detentions and/or arrests, not documenting their use of excessive force and not receiving punishment and/or training in order to prevent the continued abuse of citizens' constitutional rights. Plaintiffs believe there exists a custom and/or practice of using excessive force and not documenting it, because officers allowed these minor Plaintiffs to simply walk away after being viciously mauled by their K-9 unit. The officers did not contact Plaintiffs' parents and/or guardian nor did they have the minors taken to the hospital for medical treatment and evaluation. This leads Plaintiffs to believe that officers were participating in concealing their use of force from the adults responsible for minor Plaintiffs and attempting to avoid documentation of the physical injuries Plaintiffs suffered. Plaintiffs allege that at least one Richmond Police Supervisor days later contacted Plaintiff R.H.'s mother, guardian ad litem Lakami Smith, to inform her: her son, Plaintiff R.H., had been attacked by a police dog; but, that R.H. was not suspected of a crime at the time, had nothing to do with the reason the K-9 unit was weaponized and there had been a mistake. Therefore, at least one yet-to-be identified Richmond Police Supervisor had personal knowledge of the egregious actions involved in this incident.

28. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants, and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Plaintiffs allege that despite repeated requests under the California Public Records Act for the involved officers names and police reports, the response

has been that the incident is simply under investigation. This leads Plaintiffs to believe that the involved officers have not been disciplined, which ratifies and condones these Richmond Police officers' egregious, unconstitutional and unprofessional behavior. Furthermore this egregious act of a Richmond officer mishandling a police dog is not the first but belongs to a collection of recent incidents:

    a. In a 2015 case, a Richmond Police Officer had to shoot the Department's own police dog after it attacked him.[1]

    b. In another 2015 case, a Richmond Police Officer allowed a police dog to attack an innocent person sleeping in the shed of the backyard.[2]

Therefore, the Supervisors in the Richmond Police Department are well informed in regards to their officers' habits of mishandling their police dogs and the incidents of excessive force that result.

29. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-25, and/or each of them, the CITY OF RICHMOND POLICE DEPARTMENT encouraged these Officers to continue their course of misconduct, which includes allowing a K9 officer to bite innocent people, resulting in the violation of Plaintiffs' rights under the 4th amendment to be free from excessive force as alleged herein.

30. Plaintiffs further allege that Defendant DOES 26-50, and/or each of them, were on notice of Constitutional defects in their training of CITY OF RICHMOND Police Officers, including, but not limited to their unlawful arrests and use of excessive force.

31. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking CITY OF RICHMOND POLICE DEPARTMENT supervisors DOES 26-50, Defendants DOES 1-25, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to be

---

[1] "Richmond police officer shoots K-9 unit dog after being bitten." http://www.ktvu.com/news/richmond-police-officer-shoots-k9-unit-dog-after-being-bitten

[2] "Man suing city over bite by Richmond police dog." http://richmondstandard.com/2015/06/17/man-suing-city-over-bite-by-richmond-police-dog/

free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right not to be deprived of life, liberty or property without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(False Arrest/Imprisonment in violation**
**of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")**
*(Against Defendants DOES 1-25)*

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint.

33. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiffs' peaceable exercise and enjoyment of rights, including but not limited to their right to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property, secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Against Defendants DOES 1-25)*

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 of this Complaint.

35. Defendants, while working as Officers for the Richmond Police Department, and acting within the course an scope of their duties, intentionally struck and/or injured Plaintiffs when they sent a police dog to maul Plaintiffs without a lawful basis.

36. As a result of the actions of these Defendants, Plaintiffs suffered severe physical

and emotional injuries. The Defendant Officers did not have legal justification for using force against Plaintiffs. This use of force occurred while carrying out their officer duties and was an unreasonable use of force and thus constituted both assault and battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

### SIXTH CAUSE OF ACTION
**(Negligence)**
*(Against Defendants DOES 1-25)*

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 of this Complaint.

38. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of DOES 1-25 pursuant to § 815.2 of the California Government Code.

39. Defendant Officers and the canine officer negligently and without due care violently mauled Plaintiffs without legal justification. Plaintiffs were injured as a proximate and direct cause of the Defendants' negligent conduct.

40. The violent and needless assaults on Plaintiffs occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(False Imprisonment/Illegal Detention)**
*(Against Defendants DOES 1-25)*

41. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40 of this Complaint.

42. Defendants seized Plaintiffs, without just cause and subsequently held them without cause.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**EIGTH CAUSE OF ACTION**
**(STRICT LIABILITY for a Police Dog Attacking an Unintended Victim)**
*(Against Defendants DOES 1-50)*

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42 of this Complaint.

44. The present action is brought pursuant to Cal. Civ. Code § 3342 of the California Government Code. Pursuant to § 3342 (c) of the California Government Code, a government agency is liable when a police dog bites a victim that was not a party to, nor a participant in, nor suspected to be a party to or a participant in, the act or acts that prompted the use of the dog in the police work. Plaintiffs contend that Plaintiffs were victims of Richmond police dog bites in this incident but were not party to, participant in, or suspected of being involved in the act(s) that prompted use of the police dog. Plaintiffs further contend that the Richmond police supervisor admitted that Plaintiffs were not party to, participant in, or suspected of being involved in the act(s) that prompted use of the police dog.

45. Additionally and alternatively, present action is brought pursuant to Cal. Civ. Code § 3342 of the California Government Code. Pursuant to § 3342 (d) of the California Government Code, a government agency is liable when the governmental agency using a police dog has not adopted a written policy on the necessary and appropriate use of a dog for the police.

46. Plaintiffs contend Richmond Police Department has not adopted a written policy on the necessary and appropriate use of a dog as evidenced by the fact that the police officers are releasing dogs within the clear vicinity of innocent, school children. This incidence is only the latest in a collection of Richmond Police Department's mishandling of their police dog K-9 units. For example,

      a. In a 2015 case, a Richmond Police Officer had to shoot the Department's own police dog after it attacked him.[3]

      b. In another 2015 case, a Richmond Police Officer allowed a police dog to attack an innocent person sleeping in the shed of the backyard.[4]

Therefore, the City of Richmond and its officers are held strictly liable for having their police dog attack, bite and injure unintended victims, minor Plaintiffs; and, based on the officer's decision to set the police dog nearby school children, the City of Richmond and its officers are held strictly liable for failure to have in place written policy on the necessary and appropriate use of a police dog.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

49. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against DOES 1-50 in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For reasonable attorney's fees pursuant to California Civil Code Section 52.1;
6. Declaratory and injunctive relief, including but not limited to the following:

---

[3] "Richmond police officer shoots K-9 unit dog after being bitten." http://www.ktvu.com/news/richmond-police-officer-shoots-k9-unit-dog-after-being-bitten

[4] "Man suing city over bite by Richmond police dog." http://richmondstandard.com/2015/06/17/man-suing-city-over-bite-by-richmond-police-dog/

      i.      An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for using police dogs, especially in the vicinity of school children, reporting the use of a police dog against a minor to their parents and/or guardians, and requiring officers to make certain that the minors receive medical treatment.

7.      For costs of suit herein incurred; and

8.      For such other and further relief as the Court deems just and proper.

Dated:  March 8, 2018                                      **Law Offices of John L. Burris**

                                                                  **___/s/_Lateef H. Gray**
                                                                  Lateef H. Gray
                                                                  Attorneys for Plaintiffs